W. DAVID WESTON, Appellant, *v.* COUNTY OF LINCOLN AND RUDY LISTER, LINCOLN COUNTY TREASURER, Respondents.

No. 12410

April 30, 1982                            643 P.2d 1227

*W. David Weston,* in pro per, Salt Lake City, for Appellant.

*John S. McGimsey,* District Attorney, Lincoln County, for Respondents.

## OPINION

*Per Curiam:*

Appellant held the principal interest in ten patented mining claims located in Lincoln County, Nevada. After the property taxes on the patented mining claims became delinquent, a tax deed to the property was issued to the Lincoln County Treasurer in accordance with our revenue laws.[1] Two days after the issuance of the tax deed and before Lincoln County gave notice of intent to sell the property at public auction, appellant tendered full payment of the delinquent taxes, penalties and interest pursuant to NRS 361.585(3).[2] The Lincoln County Treasurer refused to accept the tendered sums, whereupon appellant filed a lis pendens on the property and sought injunctive relief. The district court denied injunctive relief and granted respondents' motion for summary judgment.

On appeal, the main issue is whether the district court erred in finding that NRS 361.585(3) does not apply to patented mining claims. We think the district court erred.

NRS 361.585(3) is expressly applicable to "any property"

---

[1]Where delinquent taxes are not paid within a certain period, our revenue laws mandate that a tax certificate issue to the county treasurer to hold the property subject to redemption within two years. If the property is not redeemed within the two-year period, a tax deed to the property is issued to the county treasurer, in trust, for the use and benefit of the county and state. *See* NRS 361.565 and NRS 361.585.

[2]NRS 361.585(3) provides in pertinent part as follows:

3. Notwithstanding the provisions of NRS 361.595 or 361.603, at any time during the 90-day period specified in NRS 361.603, or before the public notice of sale by a county treasurer, pursuant to NRS 361.595, of any property held in trust by him by virtue of any deed made pursuant to the provisions of this chapter, any person or persons specified in subsection 4 is entitled to have such property reconveyed upon payment to the county treasurer of an amount equal to the taxes accrued, together with any costs, penalties and interest legally chargeable against such property. A reconveyance shall not be made after expiration of the 90-day period specified in NRS 361.603 or after commencement of posting or publication of public notice pursuant to NRS 361.595.

It is not disputed that appellant qualifies as a person specified under subsection 4.

held in trust by the county treasurer by virtue of a deed issued pursuant to our revenue laws. Moreover, all laws relevant to the enforcement and collection of taxes and accrued penalties are adopted by reference to patented mining claims. *See* NRS 362.220.

We disagree with respondents' contention and the conclusion of attorney general opinion number seventeen, relied upon by the district court, that NRS 361.585(3) is not applicable to patented mining claims because of conflict with NRS 517.410 and NRS 517.420.[3] NRS 517.410 authorizes a county that has acquired title to a patented mining claim through operation of the revenue laws to grant an applicant the right to enter and explore the property. Additionally, applicant is authorized by NRS 517.420 to pay the delinquent taxes, penalties, costs and interest and thereby acquire title.

It is our obligation to construe statutory provisions in such a manner as to render them compatible whenever possible. State of Nevada v. Rosenthal, 93 Nev. 36, 559 P.2d 830 (1977). In view of this principle we conclude NRS 517.410 does not bar the former owner of patented mining claims, or any person designated in the reconveyance statute, from exercising his right of reconveyance provided by NRS 361.585(3) until the county to which the tax deed issued exercises its authority pursuant to NRS 517.410. This construction places the statutes in complete harmony. Under NRS 361.585(3) the right of reconveyance continues only so long as the county does not take the steps prescribed by law to sell or otherwise convey the property. Once such action is commenced, the right to reacquire title is lost. Where the property sought to be reacquired is a patented mining claim, NRS 517.410 simply authorizes the county to take certain action in addition to that prescribed by NRS 361.585(3).

---

[3]NRS 517.410 provides, in pertinent part, as follows:

1. Upon receipt of an affidavit and petition as required by NRS 517.390, the board of county commissioners, by an order appearing in its minutes, may give such petitioner permission to enter upon any such claim or claims and explore the same for valuable minerals for a period of 6 months without any charge therefor.

NRS 517.420 provides, in pertinent part, as follows:

1. At the expiration of 6 months, or sooner if the petitioner so desires, the county treasurer shall make and execute a deed conveying the title of the county to such claim or claims to the petitioner for the sum for which the property became the property of the county.

Accordingly, we reverse the order granting summary judgment and remand to the district court for proceedings consistent with this opinion. In view of our opinion, the other issues raised on appeal need not be addressed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[4] concur.