STATE OF NEVADA, EX REL NEVADA TAX COMMISSION, A PUBLIC AGENCY OF THE STATE OF NEVADA, APPELLANT, *v.* INDEPENDENT SHEET METAL, INC., A NEVADA CORPORATION, RESPONDENT.

No. 19452

June 30, 1989                                         776 P.2d 541

---

[Rehearing denied August 22, 1989]

*Brian McKay,* Attorney General, *John S. Bartlett* and *Despina M. Hatton,* Deputy Attorneys General, Carson City, for Appellant.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and *Karen Peterson,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This case concerns whether the statutory scheme in effect in 1986 gave the State of Nevada the authority to charge interest on deficient taxes from the time the taxes originally came due.[1] Independent Sheet Metal claims, and the district court held, that the statutes only give authority to charge interest after a deficiency determination has been made. However, the Department of Taxation (state) asserts that the legislature did give authority to collect interest from the time the taxes should have been returned. We conclude that NRS 360.310 provided for interest from the time the taxes originally came due, and we therefore reverse.

### Facts

The state initially made an arbitrary assessment against Independent Sheet Metal in the amount of $412,712.03 in deficient sales and use taxes, penalties and interest on December 30, 1985. Independent Sheet Metal petitioned for a redetermination on January 20, 1986, and the state agreed to re-audit Independent Sheet Metal in return for Independent Sheet Metal's cooperation in producing the necessary documentation.

---

[1] In 1987, the legislature amended the statutory scheme for determining deficiencies. Within that new structure, NRS 360.417 makes it clear that interest on a tax deficiency accrues from the time the tax should have been paid. However, NRS 360.417 was enacted after the events relevant to this case took place, and we therefore cannot apply it.

As a result of the re-audit, the state determined that while all sales and use tax returns had been filed during the audit period, Independent Sheet Metal had failed to collect sales tax on some items or to pay use tax on others. The state revised the deficiency amount on September 10, 1986, which came to $51,612.70, consisting of $32,989.29 in tax, $3,298.94 in penalties, and $15,324.47 in accrued interest. Independent Sheet Metal filed a petition for redetermination of this audit deficiency seeking to be relieved of the penalty and interest portions of the deficiency determination. After a hearing before the department's hearing officer, the hearing officer rendered a decision relieving Independent Sheet Metal of the penalties, but upholding the imposition of interest.

Independent Sheet Metal appealed the hearing officer's decision regarding the assessment of interest to the Nevada Tax Commission, and, after a hearing, the tax commission affirmed the hearing officer's decision and order. Thereafter, Independent Sheet Metal filed a petition for judicial review of the decision of the hearing officer and the tax commission. The district court determined that the statutes did not authorize the state to collect interest from the original due date of the taxes, and he ordered that the portion of the deficiency determination imposing interest be stricken.

## Discussion

The parties do not dispute that the former NRS 360.310 governs in this case.[2] At the time relevant to this action, NRS 360.310 provided for interest payable by the taxpayer when the state had made a deficiency determination: "The amount of the determination exclusive of penalties, bears interest at the rate of 1.5 percent per month from the date on which such amount, or any portion thereof, became due until the date of payment." The state determined that the "date on which such amount . . . became due" referred to the date the tax should have originally been paid and, accordingly, charged interest from that date. However, the district court did not agree and determined that the "date on which such amount . . . became due" referred to the due date following the deficiency determination and held that Independent Sheet Metal need not pay any interest on the tax deficiency.

---

[2]NRS 360.310 was repealed in 1987 and replaced by NRS 360.417 as authorization for the state to charge interest on deficient taxes. *See*, note 1, above.

When read with the accompanying provisions, NRS 360.310 allowed the state to recover interest from the original due date of the taxes. Other statutes implied that interest from the time of the original tax due date would be included in any deficiency determination. For example, NRS 372.410 provided that any interest on underpayment of taxes should be offset by overpayments and interest on overpayments when making the deficiency determination: "In making a determination the department may offset overpayments . . . together with the interest on overpayments, against underpayments . . . and against *interest on the underpayments.*" (Emphasis added.) If the state had no authority to charge interest until after the taxpayer had failed to pay on the deficiency determination, as Independent Sheet Metal asserts, then there could be no interest on underpayments to be used to offset overpayments. Statutory provisions should be rendered compatible whenever possible. *See* Weston v. County of Lincoln, 98 Nev. 183, 634 P.2d 1227 (1982).

The tense of the verbs in the tax deficiency determination statutes concerning interest is also instructive. NRS 360.400 referred in the present tense to the date when interest starts to accrue in the event a taxpayer fails to pay after a deficiency determination has become final: "Interest shall accrue from the time when the determination *becomes* due and payable." NRS 360.400 (emphasis added). However, in NRS 360.310, which both parties agree controls in this case, the legislature referred to that date on which interest begins to accrue in the past tense: "The amount . . . bears interest . . . from the date on which such amount . . . *became* due until the date of the payment." NRS 360.310 (emphasis added). These statutes were both found in the section entitled "Determination of Deficient Payment." If Independent Sheet Metal's assertion that both of these due dates refer to the date on which the deficiency determination became final is correct, then the legislature should have used the same verb tense. The legislature, however, used the past tense in NRS 360.310 which implied that the date referred to in that statute was to precede the date referred to in NRS 360.400. The only logical, preceding date would be the date on which the original tax was due, as the state asserts.

We conclude that the due date referred to in former NRS 360.310 referred to the date on which the taxes were originally due. Although the statute may have been ambiguous in referring to the "date on which such amount . . . became due," viewed in its statutory context, that date could only be the date that Independent Sheet Metal should have originally paid the tax. Accord-

ingly, we reverse the district court's determination that the state did not have statutory authority to charge Independent Sheet Metal interest, accruing from the original due date, for the taxes which it should have paid.