LISA M. BOWYER, Appellant, *v.* THERESA
ANNE TAACK, Respondent.

No. 21715

September 30, 1991                817 P.2d 1176

*Allen A. Cap* and *Albert D. Massi,* Las Vegas, for Appellant.

*Pearson & Patton* and *Theodore J. Kurtz,* Las Vegas, for
Respondent.

# OPINION

*Per Curiam:*

In this appeal, the court is asked to consider the effect of three statutes and whether the district court properly applied these statutes in awarding respondent $7,673.50 in attorney's fees and $5,240.00 in costs at the conclusion of the trial. For the following reasons, we affirm the decision of the district court.

## THE FACTS

On September 22, 1986, the appellant, Lisa Bowyer, and her sister, Theresa Taack, were involved in an automobile accident. As a result of the accident, Lisa filed a complaint with the district court naming Theresa as the defendant.

Prior to trial, Theresa served Lisa with an offer of judgment in the amount of $17,001.00. The offer was rejected and trial was scheduled for April 30, 1990. At the conclusion of the trial, the jury returned a verdict awarding Lisa $10,500.00 for her damages.

Lisa's counsel then filed motions requesting $12,236.54 in costs, attorney's fees, and prejudgment interest. Theresa objected to this request and filed her own motion requesting $12,913.50 for costs and attorney's fees. After hearing the litigants' arguments, the district court concluded that Lisa's judgment was less than the offer of judgment tendered by Theresa and ordered Lisa to pay Theresa's costs and attorney's fees. This appeal followed.

## DISCUSSION

In her appeal, Lisa argues the district court erred when it awarded costs and attorney's fees to Theresa. Specifically, Lisa asserts: (1) that she is entitled to attorney's fees pursuant to NRS 18.010 regardless of whether the judgment she received was less than the offer of judgment tendered by Theresa; (2) that Theresa's offer of judgment is void in any event because it was made pursuant to both NRCP 68 and NRS 17.115; and (3) that even if Theresa's offer of judgment is not void, in deciding whether or not a party has obtained a more favorable judgment than an offer of judgment, the court should include costs, prejudgment interest, and attorney's fees as part of the judgment.

## A.

"[T]he court may make an allowance of attorney's fees to a prevailing party . . . [w]hen he has not recovered more than $20,000 . . . ." NRS 18.010(2). Lisa argues she was the prevailing party because she received $10,500.00 in damages from the jury. Therefore, Lisa reasons that since she recovered less than $20,000.00, the district court should have granted her request for attorney's fees, *regardless of whether her judgment exceeded the offer of judgment tendered by Theresa prior to trial.* We disagree.

Lisa's position on this issue contravenes the provisions of NRS 17.115 and NRCP 68. NRS 17.115(4) states that "[i]f the party to whom [an] offer of judgment is made fails to obtain a more favorable judgment, he cannot recover . . . *[c]osts or attorney's fees* . . . ." (Emphasis added.) Similarly, NRCP 68 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer [of judgment], the offeree *shall not recover costs, nor attorneys' fees* . . . ." (Emphasis added.)

If possible, it is the Nevada Supreme Court's obligation to construe statutory provisions in such a manner as to render them compatible. Weston v. County of Lincoln, 98 Nev. 183, 185, 643 P.2d 1227, 1229 (1982). Therefore, we conclude that where litigants are precluded from obtaining attorney's fees under NRS 17.115 or NRCP 68, they are likewise precluded from recovering such fees under NRS 18.010.

## B.

Next, Lisa points out that Theresa's offer of judgment was tendered pursuant to NRCP 68 *and* NRS 17.115. The provisions of NRCP 68 do not specifically address prejudgment interest; however, under NRS 17.115, a litigant is precluded from recovering any prejudgment interest that accrues from the filing date of the complaint through trial if the litigant does not obtain a judgment greater than a previously tendered offer of judgment. *See* NRS 17.115(4). The different treatment of prejudgment interest under NRCP 68 and NRS 17.115 underscores Lisa's contention that she was unable to ascertain whether she was risking her prejudgment interest by rejecting Theresa's offer of judgment. Therefore, Lisa asks this court to rule that whenever an offer of judgment is made pursuant to both NRCP 68 and NRS 17.115, the offer is ambiguous and void. We reject this attempt to polarize the rule of procedure and the statute.

Contrary to Lisa's analysis, apparent conflicts between a court

rule and a statutory provision should be harmonized and both should be given effect if possible. State v. Ryan, 691 P.2d 197, 206 (Wash. 1984). Since NRCP 68 is silent with respect to prejudgment interest, it should be interpreted harmoniously with the more specific provisions and legislative policy of NRS 17.115; thus, if individuals fail to secure a judgment greater than a previously tendered offer of judgment, they cannot seek an award of prejudgment interest under either NRCP 68 or NRS 17.115.

## C.

Finally, Lisa fires another volley and asserts that she obtained a judgment greater than the offer of judgment tendered by Theresa. In a rather circular analysis, Lisa contends her damage award, prejudgment interest, costs, and attorney's fees are all part of her judgment.[1] Therefore, Lisa reasons that her judgment totals more than Theresa's offer of judgment. We disagree.

1. *The provisions of NRS 17.115(5).* The provisions of NRS 17.115(5) outline what can be included in a judgment when deciding whether the judgment is more favorable than an offer of judgment. The provisions of NRS 17.115(5) state that ''[a]ny taxable costs, attorney's fees and interest which is not derived from an interest-bearing obligation which may have been awarded *must not be considered to be part of the judgment when determining whether the judgment was more favorable than the rejected offer.''* (Emphasis added.) Therefore, Lisa is clearly incorrect when she argues that, pursuant to NRS 17.115, prejudgment interest, costs, and attorney's fees should be included in her judgment to determine whether her judgment is more favorable than Theresa's offer of judgment.

2. *The provisions of NRCP 68.* Unfortunately, NRCP 68 is not as specific as NRS 17.115(5). NRCP 68 merely states that ''[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys' fees, but shall pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer.'' This disparity between NRS 17.115(5) and NRCP 68 is complicated by federal court interpretations of Federal Rule of

---

[1]Lisa asserts that prejudgment interest, costs, and attorney's fees should accrue from the date the complaint is filed to the entry of judgment. If the court were to accept her analysis, Lisa's judgment would include the $10,500.00 damage award *plus* $2,406.25 for prejudgment interest *plus* costs of $4,668.79 *plus* attorney's fees of $5,162.50. Therefore, Lisa's judgment would equal $22,737.54. Ironically, under Lisa's analysis, however, she would not be entitled to attorney's fees because her judgment, including attorney's fees, would exceed the $20,000 statutory ceiling for attorney's fees under NRS 18.010(2).

Civil Procedure 68, a statute similar to NRCP 68. *See, e.g.,* Gorelangton v. City of Reno, 638 F.Supp. 1426 (D.Nev. 1986).

3. *Reconciling NRS 17.115 and NRCP 68.* Since Theresa's offer of judgment was made pursuant to NRS 17.115 and NRCP 68, Lisa argues NRS 17.115(5) should be ignored, and pursuant to NRCP 68, her judgment should include prejudgment interest, costs, and attorney's fees. Lisa argues this conclusion is warranted because of federal court interpretations of Federal Rule of Civil Procedure 68 and because an offeree needs to be able to make an informed decision regarding the consequences of accepting or rejecting an offer of judgment made pursuant to NRCP 68 and NRS 17.115. We reject this analysis.

First, this court can construe the provisions of NRCP 68 as it deems appropriate. Federal court interpretations of Rule 68 of the Federal Rules of Civil Procedure are persuasive but not controlling here. *See* Johnson By Johnson v. Svidergol, 757 P.2d 609, 611 (Ariz.Ct.App. 1988).

Further, we believe this court should avoid construing one of its rules of procedure and a statute in a manner which creates a conflict or inconsistency between them. *See* United Nuclear Corp. v. General Atomic Co., 560 P.2d 161, 164 (N.M. 1976). "A fundamental rule of statutory interpretation [footnote omitted] is that the unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another that would produce a reasonable result." Sheriff v. Smith, 91 Nev. 729, 733, 542 P.2d 440, 443 (1975). *See also* Hughes Properties v. State of Nevada, 100 Nev. 295, 298, 680 P.2d 970, 971 (1984). If this court were to interpret NRCP 68 such that this rule of procedure dramatically conflicts with NRS 17.115, the rule of procedure would be rendered ineffectual and meaningless: defendants would merely disregard NRCP 68 and tender all offers of judgment pursuant to NRS 17.115.

Therefore, we conclude that the best way to resolve this issue is to construe NRCP 68 in a manner that is consistent with the specific language and the legislative policy indicated in NRS 17.115(5). We hold that under either NRCP 68 or NRS 17.115, taxable costs, attorney's fees, and prejudgment interest should not be included as part of a judgment to determine whether the judgment is greater than a previously tendered offer of judgment. The judgment entered by the district court is affirmed.