OPINION
 

 Per Curiam:
 

 NRS 108.237(1) entitles a prevailing mechanic’s lien claimant to the enforcement proceedings’ costs, including reasonable attorney fees. This appeal concerns three issues with regard to that statute. First, we consider whether NRS 108.237(1) contains within its scope attorney fees that are incurred after the district court enters a judgment determining the lienable amount and foreclosing upon the lien. We conclude that NRS 108.237(1) covers all attorney fees incurred to enforce a mechanic’s lien before the judgment is satisfied and the lien is discharged or released, and thus, any post-judgment attorney fees incidental to the lien’s enforcement through foreclosure are available under that statute.
 

 Accordingly, here, as the district court had authority under NRS 108.237(1) to award attorney fees incurred postjudgment, we next review the prevailing lien claimant’s attorney fees award to determine whether the fees were reasonable. Since the district court failed to provide any analysis or specific findings regarding the reasonableness of the fees awarded, and as it appears that some of the fees awarded were not reasonable because they ostensibly pertained to matters unrelated to the mechanic’s lien’s enforcement through foreclosure or matters on which the lien claimant did not prevail, we conclude that the district court abused its discretion.
 

 Finally, we determine whether the district court erred in denying a postjudgment motion to enter satisfaction of the judgment. Because we have determined that a lien claimant is entitled to attorney fees incurred postjudgment under NRS 108.237(1) and a motion for such fees remained pending at the time payment in satisfaction of the judgment was tendered, we conclude that the district court correctly refused to compel satisfaction of the judgment, since the payment only partially satisfied the judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellant Carl B. Barney contracted with Reno Construction, Inc. (RCI), to renovate his house. In turn, RCI subcontracted with
 
 *824
 
 respondent Mt. Rose Heating & Air Conditioning to provide equipment and services as part of the renovations. When Barney asserted that the renovations were defective and refused to pay for the work performed, RCI and Mt. Rose Heating filed mechanic’s liens against the property, which they sought to enforce in the district court. Ultimately, in November 2004, after certain deductions in RCI’s lien amount were taken, RCI and Mt. Rose Heating obtained a district court judgment and decree of foreclosure in their favor. Thus, with respect to foreclosure, the district court directed that the property be sold to satisfy the judgment.
 

 Approximately three weeks later, however, even though the property had not been sold, Mt. Rose Heating attempted to execute upon Barney’s personal property and proceeded to garnish Barney’s bank funds. Upon Barney’s motion, the district court temporarily stayed the judgment’s execution, conditioned upon Barney posting a bond. Shortly thereafter, Barney filed motions to exempt his bank account from execution and to quash and discharge the garnishment, claiming, among other things, that the mechanic’s lien and writ of execution statutes did not permit execution upon his personal property until after the real property’s sale resulted in a deficiency. Mt. Rose Heating sought supplemental attorney fees and costs. Following litigation on these issues, Barney posted a supersedeas bond,
 
 [1]
 
 and the district court entered an order staying the judgment’s execution, releasing Barney’s garnished bank funds in light of the bond, and granting Mt. Rose Heating’s first motion for supplemental attorney fees and costs.
 
 [2]
 

 Subsequently, Mt. Rose Heating filed a second supplemental motion, seeking postjudgment attorney fees and costs incurred from December 13, 2004, through April 28, 2005. The requested amounts related to matters involving, for instance, whether Barney’s bond met statutory requirements, the judgment’s execution, the exemption, garnishment, and release of Barney’s bank account funds, and Mt. Rose Heating’s previous application for postjudgment attorney fees and costs.
 

 While Mt. Rose Heating’s second motion for attorney fees was pending before the district court, Barney paid to Mt. Rose Heating an amount to satisfy his obligations with respect to the November 2004 judgment,
 
 [3]
 
 but Mt. Rose Heating refused to recognize the judgment as fully satisfied. As a result, Barney moved the district
 
 *825
 
 court for an order directing the clerk to enter satisfaction of the judgment and discharging his supersedeas bond. Mt. Rose Heating opposed the motion, asserting that it was willing to provide a partial satisfaction of judgment but contending that it was entitled to additional awards of attorney fees under the mechanic’s lien statutes, so the entire judgment was not satisfied by the amount paid.
 

 On April 4, 2006, the district court denied Barney’s motion to compel satisfaction of the judgment and to discharge the supersedeas bond. Then, on April 28, 2006, the court granted Mt. Rose Heating’s second supplemental motion for fees and costs and awarded Mt. Rose Heating $9,114.87 in additional attorney fees.
 

 Barney has appealed the April 4 and 28 postjudgment orders, asserting that the district court was not authorized to award attorney fees incurred after the November 2004 judgment was rendered and that, even if authorized, the fees awarded were unreasonable. Barney also argues that regardless of the April 28 fee award, he paid the full amount due under the November 2004 judgment, and thus, the district court should have directed the court clerk to enter the judgment’s satisfaction.
 

 DISCUSSION
 

 The district court may award attorney fees only if authorized by a rule, contract, or statute.
 
 [4]
 
 Here, although Barney asserts that no authority exists allowing the district court to award postjudgment attorney fees, Mt. Rose Heating contends that the award was mandated under NRS 108.237. Thus, while we generally review district court attorney fee awards, including their reasonableness, for an abuse of discretion,
 
 [5]
 
 this matter primarily involves an issue of statutory interpretation concerning attorney fees in mechanic’s lien actions, which we review de novo.
 
 [6]
 
 With respect to the second issue, whether the district court erred in refusing to order satisfaction of the judgment, statutory interpretation is also at issue, and thus, the same de novo standard of review applies.
 

 Awarding attorney fees incurred postjudgment under NRS 108.237(1)
 

 Although the district court failed to identify the basis for its April 28 award of attorney fees, Mt. Rose Heating ostensibly
 
 *826
 
 asked for fees under NRS 108.237(1) and now asserts that, under that statute, the court was mandated to award to it, the “prevailing lien claimant,” reasonable attorney fees incurred postjudgment as part of “the costs of the proceedings.” Accordingly, it appears that the fees were awarded under NRS 108.237(1).
 

 NRS 108.237(1) provides for attorney fees as part of the costs in mechanic’s lien actions as follows, with emphasis added:
 

 The court shall award to a prevailing lien claimant, whether on its lien or on a surety bond, the lienable amount found due to the lien claimant by the court and the cost of preparing and recording the notice of lien, including, without limitation, attorney’s fees, if any, and interest.
 
 The court shall also award to the prevailing lien claimant, whether on its lien or on a surety bond, the costs of the proceedings, including, without limitation, reasonable attorney’s fees, the costs for representation of the lien claimant in the proceedings, and any other amounts as the court may find to be justly due and owing to the lien claimant.
 

 Although NRS 108.237(1) does not explicitly provide for attorney fees incurred postjudgment, Mt. Rose Heating points out that the statute does not expressly exclude postjudgment attorney fees from its purview, convincingly arguing that, for policy reasons, NRS 108.237(1) should be liberally interpreted as allowing for post-judgment attorney fees so as to further the lien statutes’ purpose to ensure that contractors are paid in whole for their work.
 
 [7]
 

 When statutory language is not ambiguous, this court will interpret it according to its ordinary meaning.
 
 [8]
 
 But when a statute is ambiguous, meaning that it is amenable to more than one reasonable interpretation, we must select the construction that will best give effect to the legislative intent.
 
 [9]
 
 Statutes are to be read in the context of the act and the subject matter as a whole, and policy
 
 *827
 
 may be looked to as an interpretive aid.
 
 [10]
 
 Whenever possible, we will interpret a statute in harmony with other rules and statutes.
 
 [11]
 

 NRS 108.237(1) gives the district court broad discretion to award, “without limitation,” reasonable attorney fees and any other amounts justly due and owing as costs of “the proceedings.”
 
 [12]
 
 Thus, we must determine to what “proceedings” the statute refers.
 
 [13]
 
 To do so, we turn to the statutory scheme and policy.
 
 [14]
 

 As used in NRS 108.237(1), the term “proceedings” appears within the statutory lien statutes and clearly refers to steps taken to enforce a mechanic’s lien in the courts.
 
 [15]
 
 The scope of that term, therefore, must be viewed in light of other mechanic’s lien statutes and, in particular, NRS 108.239, which generally governs court actions to enforce mechanic’s liens.
 

 NRS 108.239(10) and (11) contemplate that, after determining the lienable amount, the district court will decree foreclosure, and the property will be sold to satisfy the lien and costs of sale. Once the property has been sold, NRS 108.237(1) costs, including attorney fees, must be paid out of the sale proceeds.
 
 [16]
 
 Thus, the mechanic’s lien enforcement action ends only when the property is sold and the proceeds are distributed, or when the total amounts
 
 *828
 
 due under the judgment and NRS 108.237(1) are otherwise paid, and the lien is discharged or released.
 
 [17]
 
 Costs incurred up until that point are properly awarded under NRS 108.237(1), so long as they are incidental to the lien’s enforcement and the foreclosure decree’s execution. In this manner, the statute’s purpose of making lien claimants whole is effectuated, since lien claimants are protected from owing additional attorney fees incurred to execute on a lien judgment when, for example, protracted litigation takes place after the judgment is entered.
 
 [18]
 

 Further, interpreting NRS 108.237(1) in this manner is consistent with NRS Chapter 18, which generally provides judgment creditors with certain postjudgment costs, including those costs incurred “in connection with any proceeding supplementary to execution,” so long as the court has approved those costs “as to necessity, propriety and amount,’ ’ and so long as they are requested before the judgment has been satisfied.
 
 [19]
 

 Thus, having determined that the district court had authority to award attorney fees incurred postjudgment under NRS 108.237(1), we next turn to Barney’s argument that the district court nonetheless abused its discretion in awarding at least some of the
 
 *829
 
 requested postjudgment attorney fees to Mt. Rose Heating, given that the court failed to make findings regarding the fees’ reasonableness and given that those fees were incurred to contest issues that might not have been necessary and on which Barney ultimately prevailed.
 

 Reasonableness of the district court’s attorney fees award
 

 Barney argues that the district court’s attorney fees award should be reversed because the court failed to make any findings concerning the reasonableness of the award, as required by
 
 Brunzell
 
 v.
 
 Golden Gate National Bank
 

 [20]
 

 and
 
 Shuette v. Beazer Homes Holdings Corp.
 

 [21]
 

 In
 
 Brunzell,
 
 we enumerated factors that the district court should consider in awarding attorney fees, with no one factor controlling, as follows:
 

 (1) the advocate’s qualities, including ability, training, education, experience, professional standing, and skill;
 

 (2) the character of the work, including its difficulty, intricacy, importance, as well as the time and skill required, the responsibility imposed, and the prominence and character of the parties when affecting the importance of the litigation;
 

 (3) the work performed, including the skill, time, and attention given to the work; and
 

 (4) the result — whether the attorney was successful and what benefits were derived.
 
 [22]
 

 In
 
 Schuette,
 
 we recognized the continued applicability of these factors and required the district court to “provide[ ] sufficient reasoning and findings in support of its ultimate determination.”
 
 [23]
 

 Here, the district court made no findings to support its April 28 attorney fees award. Nevertheless, Mt. Rose Heating points out that the district court was presented with numerous postjudgment filings and contends that the
 
 Brunzell
 
 factors were argued and considered by the court below. Mt. Rose Heating further asserts that the fee award is supported by the record, which shows that Mt. Rose Heating’s counsel submitted a detailed invoice of the billings, along with affidavits and memorandums in support of Mt. Rose Heating’s motion for fees and costs.
 
 [24]
 

 
 *830
 
 Despite its arguments that the fees were warranted due to an onslaught of postjudgment litigation, Mt. Rose Heating does not specify whether they were incurred for matters incidental to enforcing or foreclosing upon its mechanic’s lien on which it prevailed or discuss any other of the
 
 Brunzell
 
 factors. Barney, on the other hand, points out that Mt. Rose Heating was awarded attorney fees related to its attempt to execute on his personal property, a matter on which it did not prevail.
 
 [25]
 
 Additionally, Barney points out that Mt. Rose Heating garnished his banking account hinds, despite the lien on his real property and the December 2004 conditional stay.
 

 In the April 28 order, the district court awarded Mt. Rose Heating all the attorney fees requested. Although Mt. Rose Heating asserts that the fees were supported by its counsel’s billings for the relevant period, several billing entries from that period appear to involve, at least in part, matters not necessarily incidental to the enforcement proceedings and upon which Barney might have ultimately prevailed, had they been decided on their merits, such as the attempted execution on and the garnishment of Barney’s personal property.
 
 [26]
 

 Consequently, it appears that Barney correctly argues that Mt. Rose Heating was improperly awarded attorney fees for matters outside of the lien’s enforcement and foreclosure proceedings and on which it did not prevail. As the record does not appear to support the total amount of the district court’s award, the court abused its discretion in awarding to Mt. Rose Heating all the attorney fees requested, without making specific findings supporting its award.
 
 [27]
 

 Satisfaction of the judgment
 

 Finally, Barney contends that the district court erred in refusing to enter satisfaction of the November 2004 judgment under
 
 *831
 
 NRS 17.200
 
 [28]
 
 because he had paid all amounts specified in the judgment, even though additional attorney fee awards might be permissible. Citing a Washington appellate decision,
 
 Do v. Farmer,
 

 [29]
 

 Barney claims that a satisfaction of judgment is merely an acknowledgement that the judgment that was entered has been satisfied. Barney maintains that he fully satisfied the judgment and all attorney fees and costs awards that had been entered as of the time of his request for satisfaction of the judgment, so his payment should have been acknowledged as full satisfaction of the November 2004 judgment as a matter of law under NRS 17.200.
 

 NRS 17.200 provides that “[wjhenever a judgment is satisfied in fact, the party or attorney shall give such an acknowledgment, and the party who has satisfied the judgment may move the court to compel it or to order the clerk to enter the satisfaction in the docket of judgment.” As used in NRS 17.200, the term “judgment” includes any costs awarded at the time of judgment or thereafter.
 
 [30]
 
 Thus, because Barney is entitled to satisfaction of judgment under NRS 17.200 only upon the payment of all awards for NRS 108.237(1) attorney fees incurred postjudgment, and those amounts apparently were not determined or tendered, he was not entitled to full satisfaction of the judgment. Instead, since attorney fees requests under NRS 108.237 remained pending when Barney tendered payment, he was entitled only to partial satisfaction of the judgment.
 
 [31]
 

 CONCLUSION
 

 NRS 108.237(1) allows the district court to award postjudgment attorney fees as part of the costs incurred during “the proceedings” to enforce a mechanic’s lien. Because the enforcement proceedings conclude only when the property is sold and the proceeds
 
 *832
 
 are distributed or when the total amounts due under the judgment and NRS 108.237(1) are otherwise paid, causing the lien’s discharge or release, any attorney fees incidental to the lien’s enforcement through foreclosure are available under that statute, even if they are incurred postjudgment. Thus, here, the district court had authority to award to Mt. Rose Heating attorney fees incurred postjudgment.
 

 The district court abused its discretion in awarding the attorney fees requested by Mt. Rose Heating, however, because the court failed to provide any findings or conclusions of law to show that it had considered the
 
 Brunzell
 
 factors, and at least some of the fees awarded appear to have been unrelated to the lien’s enforcement or the foreclosure decree’s execution and were incidental matters on which Barney, not Mt. Rose Heating, might have prevailed.
 

 Finally, because Mt. Rose Heating’s motion for attorney fees was pending at the time Barney tendered payment, Barney was entitled only to partial satisfaction of judgment. Consequently, we affirm the district court’s April 4 order denying Barney’s motion to compel satisfaction of judgment. With respect to the April 28 attorney fees award, we reverse the order and remand this matter so that the district court may reconsider the attorney fees requested and enter a new award, with the requisite findings, consistent with this opinion.
 

 [1]
 

 The supersedeas bond apparently was posted to stay the November 2004 judgment’s execution pending appeal. That appeal was eventually voluntarily dismissed.
 
 See Reno Construction, Inc. v. Barney,
 
 Docket No. 45282 (Orders Dismissing Appeal, January 9, 2006, and May 8, 2006).
 

 [2]
 

 The district court’s order related to costs and attorney fees incurred from the judgment date, November 15, 2004, to December 13, 2004.
 

 [3]
 

 Apparently, this payment included the first supplemental costs and attorney fees award, as well as the amount owed to Mt. Rose Heating under the November 2004 judgment.
 

 [4]
 

 Albios
 
 v.
 
 Horizon Communities, Inc.,
 
 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006).
 

 [5]
 

 Id.
 
 at 417, 132 P.3d at 1027-28.
 

 [6]
 

 Crestline Inv. Group
 
 v.
 
 Lewis,
 
 119 Nev. 365, 368, 75 P.3d 363, 365 (2003).
 

 [7]
 

 See Schofield v. Copeland Lumber,
 
 101 Nev. 83, 85, 692 P.2d 519, 520 (1985) (recognizing that the purpose of mechanic’s liens is “to secure payment to those who perform labor or furnish material to improve the property of the owner” and providing that “liens and pleadings arising out of those statutes will be liberally construed in order to effect the desired object”);
 
 Howard v. Waale-C. & Tiberti, 61
 
 Nev. 304, 313, 217 P.2d 872, 876 (1950).
 

 [8]
 

 California Commercial
 
 v.
 
 Amedeo Vegas I,
 
 119 Nev. 143, 145-46, 67 P.3d 328, 330 (2003).
 

 [9]
 

 Washoe Med. Ctr. v. Dist. Ct.,
 
 122 Nev. 1298, 1302, 148 P.3d 790, 793 (2006) (citing
 
 Potter v. Potter,
 
 121 Nev 613, 616, 119 P.3d 1246, 1248 (2005)).
 

 [10]
 

 McKay v. Bd. of Supervisors,
 
 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986).
 

 [11]
 

 See id.
 

 [12]
 

 As indicated by the Oregon Court of Appeals, “proceeding” and “proceedings” may be used interchangeably, and both are used commonly and as legal terms of art.
 
 Icenhower v. SAIF Corp.,
 
 43 P.3d 431, 433 (Or. Ct. App. 2002).
 

 [13]
 

 Although Mt. Rose Heating emphasizes that NRS 108.237(1) mandates the court to award the mechanic’s lien proceedings’ costs “without limitation,” a term that shows an expansive legislative intent,
 
 see Alsenz v. Clark Co. School Dist.,
 
 109 Nev. 1062, 1065, 864 P.2d 285, 287 (1993), that term is nonetheless limited to the costs incurred during the “proceedings.” Moreover, to the extent that Mt. Rose Heating asserts that postjudgment attorney fees are mandated as “other amounts . . . justly due and owing,” that interpretation is incorrect, as “other amounts” is distinguished as another type of costs, apart from attorney fees.
 

 [14]
 

 U.S. Design & Constr.
 
 v.
 
 I.B.E.W. Local 357,
 
 118 Nev. 458, 461, 50 P.3d 170, 172 (2002);
 
 McKay,
 
 102 Nev. at 650-51, 730 P.2d at 443.
 

 [15]
 

 See, e.g.,
 
 NRS 108.233(l)(a) (providing that a mechanic’s lien will not bind property longer than six months, unless
 
 “[proceedings
 
 are commenced in a proper court within that time to enforce the same” (emphasis added)); NRS 108.237(1) (differentiating between precourt costs and “costs of the proceedings”);
 
 Nevada Power Co. v. Haggerty,
 
 115 Nev. 353, 366, 989 P.2d 870, 878 (1999) (noting that a statute’s title and other relevant words or phrases within the statutory scheme can be used in determining legislative intent).
 

 [16]
 

 See
 
 NRS 108.239(10) and (11).
 

 [17]
 

 See
 
 NRS 108.2437 (providing that the lien claimant must cause the lien to be discharged or released promptly after the notice of lien is fully satisfied or discharged).
 

 [18]
 

 See Schofield v. Copeland Lumber,
 
 101 Nev. 83, 84-85, 692 P.2d 519, 520 (1985) (suggesting that the lien statutes should be liberally construed in order to effect their purpose);
 
 see generally Solution Source v. LPR Associates,
 
 652 N.W.2d 474, 482 (Mich. Ct. App. 2002) (noting that postjudgment attorney fees further statutory mechanic’s lien policy by encouraging the lienee to satisfy the judgment promptly: “A lien claimant without significant financial resources could end up being forced to abandon his valid lien claim if met with resistance from the lien[ee] at every turn.”). We note that the Michigan mechanic’s lien policy referred to in the previous citation is in harmony with Nevada policy.
 

 In reaching this conclusion, we considered Barney’s arguments regarding the statutory scheme and language,
 
 Humana, Inc. v. Nguyen,
 
 102 Nev. 507, 510 n.4, 728 P.2d 816, 817 n.4 (1986), and
 
 Board of Gallery of History v. Datecs Corp.,
 
 116 Nev. 286, 289, 994 P.2d 1149, 1150-51 (2000). But with respect to these arguments, (1) neither the statutory scheme nor the statutory language is inimical to our interpretation of NRS 108.237(1) — indeed, our interpretation is based on both; (2)
 
 Humana,
 
 which in a footnote and without explanation construed NRS 108.660, a hospital lien statute, as excluding post-judgment attorney fees, is distinguishable, since the statute in that case mandated that the court award attorney fees “upon entering a decree,” not that it award fees incurred as “costs of the proceedings,” as does NRS 108.237(1); and (3)
 
 Hatees Corp.
 
 is inapposite, as it stands for the proposition that this court’s affirmance on appeal of a district court order that implicitly denied a countermotion for postjudgment attorney fees creates the law of the case, so that the district court cannot thereafter grant the countermotion for attorney fees, but here, no district court order implicitly denied Mt. Rose Heating’s second supplemental motion for attorney fees.
 

 [19]
 

 NRS 18.160(l)(f);
 
 see
 
 NRS 18.160; NRS 18.170.
 

 [20]
 

 85 Nev. 345, 455 P.2d 31 (1969).
 

 [21]
 

 121 Nev. 837, 124 P.3d 530 (2005).
 

 [22]
 

 Brunzell,
 
 85 Nev. at 349, 455 P.2d at 33.
 

 [23]
 

 Schuette,
 
 121 Nev. at 865, 124 P.3d at 549.
 

 [24]
 

 Mt. Rose Heating suggests that Barney waived his right to challenge the court’s April 28 attorney fees award on appeal because he failed to challenge a previous postjudgment attorney fees award in this court. Mt. Rose Heating also asserts that Barney did not challenge the reasonableness of the attorney fees requested in the district court, raising this issue for the first time on
 
 *830
 
 appeal. Neither of these arguments have merit, however, since the attorney fees award is independently appealable and Barney, in his opposition below, did in fact challenge the reasonableness of the fees awarded as excessive and as a consequence of unnecessary and meritless work perpetuated by the opposing parties.
 

 [25]
 

 Barney contended below that under NRS 108.239(10) and (12) and NRS 21.020(1), Mt. Rose Heating’s attempt to execute on his personal assets was not proper under the mechanic’s lien statutes, unless and until the proceeds from the sale of his real property first proved insufficient.
 

 [26]
 

 See, e.g., Solution Source v. LPR
 
 Associates, 652 N.W.2d 474, 482-83 (Mich. Ct. App. 2002) (pointing out that attorney fees associated with the garnishment of personal property were not allowed by the trial court under the Michigan mechanic’s lien statutes).
 

 [27]
 

 See Shuette,
 
 121 Nev. at 865, 124 P.3d at 549;
 
 Brunzell,
 
 85 Nev. 345, 455 P.2d 31.
 

 [28]
 

 NRS 17.200 states in relevant part, “[w]henever a judgment is satisfied in fact, the party or attorney shall give such an acknowledgment, and the party who has satisfied the judgment may move the court to compel it or to order the clerk to enter the satisfaction in the docket of judgment.”
 

 [29]
 

 110 P.3d 840, 843 (Wash. Ct. App. 2005) (providing that “[a] satisfaction of judgment is merely an acknowledgment that the judgment that was entered has been satisfied” and concluding that “no authority . . . required [a party] to request [rule-based] attorney fees before filing the satisfaction of judgment”).
 

 [30]
 

 NRS 17.190 (providing that “[i]ncluded in any judgment filed [by the clerk] shall be a computation of the costs, if they have been ascertained,” and that if costs are thereafter ascertained, the clerk must insert the costs awarded “in a blank left in the judgment for that purpose” and in the copies and docket of the judgment);
 
 accord
 
 NRS 18.120; NRS 18.180.
 

 [31]
 

 See, e.g.,
 
 NRS 18.160 and 18.170 (allowing for certain costs incurred postjudgment, so long as the judgment has not been fully satisfied at the time that the costs were requested).