THOMAS McCRARY AND REBECCA McCRARY, APPELLANTS/ CROSS-RESPONDENTS, v. DOMINIC DONALD BIANCO, INDIVIDUALLY AND DBA PAUL DAVIS SYSTEMS OF RENO & LAKE TAHOE, RESPONDENT/CROSS-APPELLANT.

No. 40782

February 9, 2006            131 P.3d 573

[Rehearing denied March 30, 2006]

*Law Offices of James Shields Beasley* and *James Shields Beasley* and *Arthur A. Zorio*, Reno, for Appellants/Cross-Respondents.

*Guenther and Castronova LLP* and *Stephen G. Castronova*, Reno, for Respondent/Cross-Appellant.

# OPINION[1]

By the Court, MAUPIN, J.:

In this appeal, we clarify the cost-shifting provisions of NRCP 68 and NRS 17.115 concerning offers of judgments in civil cases. We hold that district courts must, where applicable and where the offer does not preclude such a comparison, include pre-offer pre-judgment interest along with the principal judgment amount when comparing the judgment obtained and an offer of judgment in post-trial proceedings for relief under the rule and statute. We also hold that the district court properly excluded pre-offer attorney fees and costs in making its comparison below.

## FACTS AND PROCEDURAL HISTORY

Appellants Thomas and Rebecca McCrary contracted with respondent Dominic Bianco, d/b/a Paul Davis Systems of Reno & Lake Tahoe, to repair insured water damage to their residence for a contract price of $9,926.76. Unhappy with the repair work, the McCrarys brought suit against Bianco for damages based upon theories of negligence and breach of contract. More particularly, they alleged that Bianco, in the course of attempting the repairs, caused approximately $75,000 in additional damages to their

---

[1]We issue this amended opinion in place of our prior opinion filed on February 9, 2006.

home. The complaint included generic nonspecific prayers for costs and attorney fees in addition to the claim for money damages.

The matter proceeded in district court in 2002 following court-annexed arbitration. Bianco attempted to serve the McCrarys' attorney by mail with a timely pretrial offer of judgment, allowing entry of judgment in the principal amount of $23,999, and providing for a separate award of statutory costs in the event of acceptance.[2] More particularly, the offer stated in pertinent part:

> Defendants, Dominic Bianco and Paul Davis Systems hereby offer to allow judgment to be entered in favor of plaintiffs, Thomas and Rebecca McCrary in the sum of Twenty Three Thousand Nine Hundred and Ninety Nine Dollars ($23,999.00), pursuant to Rule 68 of the Rules of Civil Procedure and NRS 17.115. Plaintiff shall be entitled to statutory costs of suit. This Offer for Judgment is inclusive of all complaints and counter claims on file herein.

Because the McCrarys did not respond to the offer, it was deemed rejected.[3]

At trial, the jury awarded the McCrarys $15,800: $10,800 on the negligence claim, and $5,000 on the breach of contract claim. Consistent with the standard practice in this state, Bianco filed a copy of the offer of judgment with the district court after the conclusion of trial proceedings. Thereafter, both parties moved for attorney fees. The McCrarys sought recovery of fees under NRS 18.010(2)[4] and a provision in the repair contract.[5] Bianco asserted that the judgment obtained failed to exceed the offer of judgment, thus entitling him to an award of attorney fees under the cost-shifting provisions of NRCP 68 and NRS 17.115. In addition, Bianco sought an offset under the repair contract in the amount of $11,914 previously paid to the McCrarys by their homeowner's insurer for the damages that necessitated the repairs.

The district court ultimately agreed with Bianco with regard to the offer of judgment and, after conducting an analysis under *Beattie v. Thomas*,[6] awarded Bianco $15,000 in attorney fees plus

---

[2]*See* NRCP 68(g); NRS 17.115(5).

[3]*See* NRCP 68(e); NRS 17.115(3).

[4]NRS 18.010(2) provides as follows:

> In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
> (a) When he has not recovered more than $20,000 . . . .

[5]The McCrarys argued that a fee provision in the agreement in favor of Bianco had to be reciprocally enforced. *See* NRS 18.010(4).

[6]99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (establishing the factors the trial court must use in determining whether to award attorney fees and costs under the cost-shifting provisions of NRCP 68).

costs of suit. Because the offer exceeded the judgment, the district court refused to award the McCrarys their attorney fees under either NRS 18.010 or the repair agreement.[7] In its *Beattie* analysis, the court noted that the offer was reasonable in its timing and amount, that the McCrarys had mistakenly assessed the validity of the $75,000 damage claim, and that refusal of the offer was grossly unreasonable. The district court, however, refused Bianco's request for offset.

As to the factors to be considered under NRCP 68 and NRS 17.115 in the comparison between the judgment and the offer, the district court made the following statement:

> Both the pre-amended and post-amended NRS 17.115(5) demand two numerical figures for consideration—an Offer of Judgment and a *Jury Verdict*. Attorney's fees are irrelevant. The statutes clearly provide that two amounts, the Offer of Judgment and the *Jury Verdict*, are the only two items of certainty and are the only ones considered for comparison. How can it be otherwise? These figures are the only ones that can be ascertained with certaintly [sic] at the critical times.

On appeal, the McCrarys challenge the fee award to Bianco and the district court's refusal to award them fees under NRS 18.010 and the repair contract. On cross-appeal, Bianco asserts that the district court erred in not allowing the offset as a partial satisfaction of judgment.

## DISCUSSION

### The McCrarys' appeal

The McCrarys assert that the district court should have included accrued pre-offer attorney fees, pre-offer costs, and pre-offer prejudgment interest as part of the judgment when it compared the judgment and the offer. We disagree on the issue of attorney fees and costs but agree with respect to the claim for prejudgment interest.

#### Attorney fee and cost awards under the Nevada offer of judgment rules

NRCP 68 and NRS 17.115 set forth Nevada's "offer of judgment" protocols. As a general matter, the court construes the rules in harmony with the statute. Correspondingly, the Legislature has periodically enacted amendments to NRS 17.115 to provide

---

[7]*See* NRCP 68(f); NRS 17.115(4); *Bowyer v. Taack*, 107 Nev. 625, 817 P.2d 1176 (1991).

conformity with the rule.[8] Thus, we must evaluate disputes concerning offers of judgment under both the rule and the statute.

Under NRCP 68 and NRS 17.115, a party that rejects a formal offer of judgment and fails to obtain a more favorable judgment may not recover *any* costs or attorney fees.[9] The McCrarys argue that the 1998 changes to NRCP 68 and the 1999 conforming amendments to NRS 17.115, which applied to the proceedings below, validate their contention that pre-offer costs and fees may be considered as part of the judgment for the purposes of post-trial comparisons between offers and judgments under NRS 17.115 and NRCP 68. We disagree. While the 1998/1999 changes repealed the prohibition against consideration of fees, costs and pre-judgment interest as part of the *judgment* when determining whether the judgment is more favorable than the offer, the changes embraced a new comparison formula. Under the new formulation, the court conducts a post-trial comparison between the amount of the offer and the principal amount of the judgment when the offer, as here, provides for a separate award of costs.[10] In summary, the comparison formula applicable to these circumstances does not provide for inclusion of fees and costs as part of the judgment.

The McCrarys correctly note that the amended comparison formula does not explicitly prohibit consideration of pre-offer attorney

---

[8]*See Bowyer*, 107 Nev. at 627, 817 P.2d at 1177.

[9]NRCP 68(f) states in part:

**Penalties for Rejection of Offer.** If the offeree rejects an offer and fails to obtain a more favorable judgment,

(1) the offeree cannot recover any costs or attorney's fees and shall not recover interest for the period after the service of the offer and before the judgment . . . .

NRS 17.115(4) states in part:

Except as otherwise provided in this section, if a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court:

(a) May not award to the party any costs or attorney's fees;

(b) May not award to the party any interest on the judgment for the period from the date of service of the offer to the date of entry of the judgment . . . .

[10]The formula under NRCP 68(g), as amended in 1998, provides as follows:

**How Costs Are Considered.** To invoke the penalties of this rule, the court must determine if the offeree failed to obtain a more favorable judgment. Where the offer provided that costs would be added by the court, the court must compare the amount of the offer with the principal amount of the judgment, without inclusion of costs. Where a defendant made an offer in a set amount which precluded a separate award of costs, the court must compare the amount of the offer together with the offeree's pre-offer taxable costs with the principal amount of the judgment.

fees and costs as part of the judgment when the court determines whether the offeree has obtained a more favorable outcome than that provided in the offer of judgment. It does not follow, however, that pre-offer fees and costs may be included in the comparison formula. Unlike our inclusion of pre-offer prejudgment interest in the comparison formula adopted *infra*, two provisions in the rule and statute prohibit the inclusion of pre-offer fees and costs. First, NRCP 68(f), as noted, prohibits an award of any fees or costs in the event of failure to obtain a judgment more favorable than the offer. Second, the comparison formula applicable to this case, where the offer does not preclude a separate award of costs upon acceptance, prohibits inclusion of costs in the comparison. Thus, the McCrarys' construction of these provisions also runs afoul of our 1991 decision in *Bowyer v. Taack*.[11] In *Bowyer*, we held in part that when litigants are precluded from obtaining taxable costs and attorney fees under NRCP 68 and NRS 17.115, they are likewise precluded from such recoveries under NRS 18.010.[12] In this, *Bowyer* further holds that costs and fees may not be included as part of a judgment to determine whether the judgment obtained exceeds the offer for the purpose of relief under these cost-shifting provisions.[13] To this extent, when the offer provides for a separate award of costs, *Bowyer* remains valid precedent with regard to exclusion of costs and fees within the comparison. As noted, costs become part of the equation only when the offer precludes a separate award of costs.

We note that the repair agreement between the McCrarys and Bianco provided an award of fees to Bianco in the event of a dis-

---

The 1999 conforming amendments to NRS 17.115 reflect these changes in the comparison formula. Accordingly, costs only become part of the comparison when the offer precludes a separate award of costs. In such a case, only pre-offer costs are relevant. They are not, however, awarded as part of the judgment; rather, they are calculated and added to the *offer*, and then compared with the principal amount of the judgment. *See* NRCP 68(g); NRS 17.115(5) (1999). This second procedure does not apply here because, again, the offer did not preclude a separate award of costs upon acceptance.

Comprehensive amendments to the Nevada Rules of Civil Procedure, effective January 1, 2005, made no changes to NRCP 68. However, the 2005 Legislature amended NRS 17.115(5) to eliminate the inequities in adding the offeree's pre-offer costs to the offer in making the comparisons between the offer and the judgment obtained. 2005 Nev. Stat., ch. 58, § 1, at 117-18. Per *Bowyer*, we will construe the rule in conformance with the statute to avoid absurd results. 107 Nev. at 629, 817 P.2d at 1178-79; *see also State Drywall v. Rhodes Design & Dev.*, 122 Nev. ___, ___, 127 P.3d 1082, 1085 n.4 (2006) (applying the 2005 amendments to NRS 17.115 retroactively as a clarification of the faulty offer/judgment comparison formula in place prior to the amendments).

[11]107 Nev. 625, 817 P.2d 1176 (1991).

[12]*Id.* at 627, 817 P.2d at 1177.

[13]*Id.* at 629, 817 P.2d at 1179.

pute. While this award was clearly reciprocal as a matter of law, the fact of the contract provision does not dictate a different result in terms of whether such fees should be included in the comparison formula. NRCP 68 and NRS 17.115 both absolutely prohibit an award of any fees when the judgment fails to exceed the offer. Thus, as a logical extension of *Bowyer*, both statutory and contractual fees are excluded from the comparison formula.

In light of the above, we conclude that the district court correctly refused to consider pre-offer fees and costs generated by the McCrarys in making its NRCP 68/NRS 17.115 comparisons.

### *Pre-offer prejudgment interest and offers of judgment*

In *Bowyer*, we also held that a claimant who fails to secure a judgment greater than a previously tendered offer of judgment may not recover awards of prejudgment interest under a court rule or statute.[14] We further concluded that prejudgment interest may not be included as part of a judgment to determine whether the judgment exceeds the offer for the purpose of relief under NRCP 68 or NRS 17.115.[15] This holding was based upon the then-current versions of the rule and statute, under which failure to obtain a judgment in excess of the offer precluded an ultimate award of *any* prejudgment interest. However, in 1998, this court amended NRCP 68 by promulgating NRCP 68(f)(1), which limits the ''loss of prejudgment interest sanction'' for failure to exceed an offer of judgment to loss of *post-offer* prejudgment interest. Going further, the Legislature amended NRS 17.115 to conform the statute to the rule. The amended versions, as noted, governed the trial below. Accordingly, although pre-offer prejudgment interest is not expressly included in the 1998/1999 comparison formula because such an award in favor of the offeree is unaffected by the failure to obtain a judgment in excess of the offer, there is no reason not to include such an award in the comparison. This is consistent with the reasoning in *Bowyer*. We therefore hold that pre-offer prejudgment interest may be added to the principal award as part of the comparison formula.

In light of our holding today, we must also address whether the offer in this case included pre-offer prejudgment interest. We conclude that the offer should be construed against Bianco (the offeror) to allow the pre-offer prejudgment interest to be included

---

[14]*Id.* at 628, 817 P.2d at 1178.

[15]*Id.* at 629, 817 P.2d at 1179.

with the judgment in comparing the judgment with the offer because the offer was "inclusive of all claims" and the offer did not preclude inclusion of prejudgment interest in the comparison with the offer.[16] Accordingly, the district court should have awarded pre-offer prejudgment interest and included that component as part of the judgment in making its comparison of the judgment with the offer.

In light of the above, we reverse this matter with instructions to compute the amount of pre-offer prejudgment interest and include that sum in the judgment for comparison with the offer. If the principal award and pre-offer prejudgment interest exceed the offer, the district court should deny Bianco relief under NRCP 68 and NRS 17.115. In that event, the district court may conduct an analysis under NRS 18.010 or the contract to determine if fees are to be awarded.[17] If, however, the principal award and pre-offer prejudgment interest do not exceed the offer, the district court may consider granting Bianco relief after conducting an analysis under *Beattie*.[18] In this, the district court may not, per *Bowyer*, award NRS 18.010 attorney fees to the McCrarys.[19]

### Service of the offer

The McCrarys alternatively argue that the offer was invalid for lack of service and failure to file the offer until after the conclusion of trial.

Bianco attempted service of the offer upon the McCrarys' attorney by mail but, per the standard practice in this state, did not file a copy of the offer until after the conclusion of trial proceedings.

---

[16]*See Real Estate Pros v. Byars*, 90 P.3d 110, 113-15 (Wyo. 2004) (stating that ambiguity in offer generally should be construed against offeror but that offer referring to "all claims" was not ambiguous and included claim for attorney fees); *see also State Drywall v. Rhodes Design & Dev.*, 122 Nev. ___, ___, 127 P.3d 1082, 1087 (2006) (concluding that, absent language to the contrary, defense offers of judgment are presumed to include pre-offer prejudgment interest).

[17]Prejudgment interest is not part of the equation in determining relief under NRS 18.010. *See Mays v. Todaro*, 97 Nev. 195, 198, 626 P.2d 260, 262 (1981); *First Interstate Bank v. Green*, 101 Nev. 113, 116, 694 P.2d 496, 498 (1985) (indicating that prejudgment interest is not included in the judgment for purposes of NRS 18.010). We have not been asked to revisit these cases in this matter.

[18]99 Nev. at 588, 668 P.2d at 274.

[19]The McCrarys point to the inequity in denying their NRS 18.010 fees under the offer of judgment rules and *Bowyer*. Addressing this inequity would require amendments to NRS 17.115 and NRCP 68.

It appeared, however, that Bianco mailed the offer to the wrong zip code. Although the McCrarys' counsel has consistently maintained that he never received the offer, the record confirms that he received all other pleadings sent to the same incorrect address. We conclude that the district court's finding that the McCrarys' counsel received Bianco's offer of judgment is supported by substantial evidence in the record. Further, failure to file the offer until after trial is not fatal to relief under NRCP 68 and NRS 17.115.

*Bianco's cross-appeal*

We reject the cross-appeal as being without merit. The insurance proceeds were only payable to Bianco in the event that no breach of contract occurred. That issue was settled by the jury verdict, which is not challenged by either party to this appeal.

## CONCLUSION

The district court properly refused to award or consider pre-offer attorney fees and costs as part of its determinations under NRCP 68 and NRS 17.115. However, the district court erred in not including pre-offer prejudgment interest in the comparison between the offer and the judgment entered at trial. Accordingly, we affirm in part, reverse in part, and remand this matter for further proceedings consistent with this opinion.

ROSE, C. J., BECKER, GIBBONS, DOUGLAS, HARDESTY and PARRAGUIRRE, JJ., concur.