An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES SLINKER, AN INDIVIDUAL,
Appellant,
vs.
JAMIE ZALESKI, AN INDIVIDUAL,
Respondent.

No. 60764

**FILED**

APR 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a short trial judgment in a personal injury action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant James Slinker's vehicle collided with the rear of respondent Jamie Zaleski's vehicle, injuring Zaleski. Zaleski served Slinker with her complaint. The matter was arbitrated, and Slinker moved for a trial de novo. Before the trial, Slinker made on offer of judgment to Zaleski for $3,500, including interest and costs, and "with each party to bear their own attorney's fees." Zaleski rejected the offer, and after a trial through the short trial program, the jury awarded Zaleski a $2,441 verdict. The short trial judge also awarded Zaleski $280 in prejudgment interest, $1,765.77 in costs, and $1,500 in attorney fees. The judge found that Zaleski was entitled to the award of interest, costs, and attorney fees because the combined total of the interest, costs, and verdict was more than the $3,500 offer of judgment made by Slinker. This appeal followed.

14-11708

As a preliminary matter, while Slinker purports to appeal from the entirety of the judgment stemming from the underlying short trial, he makes no arguments as to any aspect of the $2,441 jury verdict entered against him. Instead, Slinker presents arguments regarding only the award of prejudgment interest, costs, and attorney fees to Zaleski and the denial of costs and post-offer attorney fees to Slinker. We therefore affirm the $2,441 jury verdict entered against Slinker. *Mainor v. Nault*, 120 Nev. 750, 777, 101 P.3d 308, 326 (2004).

Turning to the attorney fees and costs dispute, Slinker argues that Zaleski was not entitled to costs, attorney fees, or post-offer interest, because her pre-offer costs and interest, plus the jury's verdict, did not exceed his $3,500 offer of judgment. Slinker further argues that he is entitled to his costs and post-offer attorney fees because Zaleski's recovery, including pre-offer costs and interest, did not exceed the offer of judgment.

NRS 17.115 and NRCP 68 allow one party to make an offer of judgment to another party. If the offeree rejects the offer and does not obtain a judgment more favorable than the offer of judgment, then the offeree may not recover attorney fees, costs, or pre-offer interest. NRS 17.115(4)(a), (b); NRCP 68(f)(1); *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). The offer of judgment generally controls what sums the offer must be compared against to determine if the offeree obtained a verdict more favorable than the judgment. *See Albios*, 122 Nev. at 426, 132 P.3d at 1033. When, as here, the offer of judgment precludes separate awards of prejudgment interest or costs, pre-offer interest and costs are included with the verdict in the calculation to

determine whether the offeree recovered more than the offer.[1] *Id.*; *see also* NRS 17.115(5); NRCP 68(g); *State Drywall, Inc. v. Rhodes Design & Dev.*, 122 Nev. 111, 118-19, 127 P.3d 1082, 1087-88 (2006); *McCrary v. Bianco*, 122 Nev. 102, 106-10, 131 P.3d 573, 576-78 (2006).

In this case, the short trial judge awarded Zaleski prejudgment interest of $280, costs of $1,765.77, and attorney fees of $1,500, in addition to the jury verdict of $2,441. But the challenged order makes no findings or conclusions as to what portions of the interest and costs respondent incurred before the offer of judgment, making it impossible for this court to assess the propriety of the short trial judge's determination "that [Zaleski] exceeded the offer of judgment." The record further provides no indication that the short trial judge considered the *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), and *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), factors when awarding attorney fees to Zaleski. Accordingly, we reverse the award of prejudgment interest, attorney fees, and costs to Zaleski, along with the denial of Slinker's request for costs and post-offer attorney fees, and we remand this matter to the district court to remand to the short trial judge to make additional findings and conclusions regarding which portions of Zaleski's prejudgment interest and costs were incurred before the offer of judgment, to indicate whether the verdict and

---

[1]While respondent argues that pre-offer attorney fees should also be included in this comparison, the record does not indicate that this argument was presented below, and thus, we will not consider it for the first time on appeal. *In re AMERCO Derivative Litig.*, 127 Nev. ___, ___ n.6, 252 P.3d 681, 697 n.6 (2011).

applicable pre-offer sums exceed Slinker's offer of judgment, and to consider the *Beattie* and *Brunzell* factors in regard to the attorney fees award.

It is so ORDERED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:  Hon. Douglas Smith, District Judge
Stephen F. Smith, Judge Pro Tempore
Jerry J. Kaufman, Settlement Judge
McCormick, Barstow, Sheppard, Wayte & Carruth, LLP/Las Vegas
Cliff W. Marcek
Eighth District Court Clerk

---

[2]We decline to consider the parties' arguments regarding whether the arbitration fees and short trial judge fees should be included to determine if respondent's recovery was more favorable than the offer of judgment because the necessity of reaching any such issue will be determined by whether these amounts were incurred before the offer of judgment.