# IN THE SUPREME COURT OF THE STATE OF NEVADA

TUTOR PERINI BUILDING CORP.;
AND TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA, A
CONNECTICUT CORPORATION,
Appellants,
vs.
SHOW CANADA INDUSTRIES US,
INC.,
Respondent.

No. 74299

FILED

MAY 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order awarding attorney fees and costs following a final judgment in a contract action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Show Canada Industries US, Inc. (Show Canada) entered into a written subcontract agreement (Subcontract) with Tutor Perini Building Corporation, the general contractor overseeing a construction project in Las Vegas commonly known as the CityCenter Project. Show Canada filed suit against Tutor Perini and Travelers Casualty and Surety Company of America (together "Tutor Perini") after Tutor Perini stopped paying Show Canada for work on the project; Tutor Perini also filed counterclaims against Show Canada. Show Canada made an offer of judgment to Tutor Perini for $950,000, which Tutor Perini refused. After a bench trial, the district court awarded "$908,891.64, plus interest, costs and attorneys' fees" to Show Canada and dismissed Tutor Perini's counterclaims. Show Canada and Tutor Perini then filed competing motions for attorney fees and costs. Tutor Perini argued it was entitled to attorney fees and costs pursuant to NRS 18.010, NRS 18.020, and the parties' Subcontract, while Show Canada

*19-23340*

argued it was entitled to attorney fees and costs pursuant to NRS 18.010, NRS 18.020, NRS Chapter 624, and NRS Chapter 108. After determining that Show Canada had made an offer of judgment and that prejudgment interest should be included in the judgment calculation, the district court determined that Show Canada's award at trial exceeded the offer of judgment and awarded Show Canada the attorney fees and costs it requested pursuant to NRCP 68. Tutor Perini challenges that award on appeal.

An award of attorney fees and costs is generally reviewed for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014) (attorney fees); *Logan v. Abe*, 131 Nev. 260, 267, 350 P.3d 1139, 1144 (2015) (costs). A district court's decision concerning prejudgment interest is also reviewed for an abuse of discretion. *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 916, 193 P.3d 536, 546 (2008). However, "[c]ontract interpretation is a question of law and, as long as no facts are in dispute, this court reviews contract issues de novo, looking to the language of the agreement and the surrounding circumstances." *Redrock Valley Ranch, LLC v. Washoe Cty.*, 127 Nev. 451, 460, 254 P.3d 641, 647-48 (2011).

*Prejudgment interest*

First, Tutor Perini argues that the district court erred in awarding prejudgment interest to Show Canada pursuant to NRS 624.630 in the amount of $601,960.18. Importantly, this amount of prejudgment interest led the district court to conclude that Show Canada's judgment exceeded its offer of judgment to Tutor Perini, triggering NRCP 68. Tutor Perini argues that the district court improperly calculated the prejudgment interest because Section 3.8 of the Subcontract only provided for interest

after Tutor Perini received funds from CityCenter, and Tutor Perini did not receive funds from CityCenter until after the offer of judgment was made.[1]

First, we conclude that the terms of the Subcontract are not relevant to interpreting Show Canada's offer of judgment. The relevant provision states that Show Canada is not entitled to final payment on the project from Tutor Perini until Tutor Perini receives payment from CityCenter. Conversely, under the offer of judgment rule, prejudgment interest must be added to the judgment when comparing it to the offer of judgment, unless the offeror clearly intended to exclude prejudgment interest from its offer. *See* NRCP 68(g); *McCrary v. Bianco*, 122 Nev. 102, 104, 131 P.3d 573, 574 (2006) (holding that "district courts must, where applicable and where the *offer* does not preclude such a comparison, include pre-offer prejudgment interest along with the principal judgment amount when comparing the judgment obtained and an offer of judgment in post-trial proceedings for relief under the rule") (emphasis added). Show Canada's offer of judgment was $950,000, inclusive of "all damages, penalties, interest, costs, attorney's fees, and other sums that are, or could have been, claimed by [Show Canada] or [Tutor Perini]." By the very terms of the offer of judgment, we conclude that Show Canada did not intend to exclude prejudgment interest. Accordingly, we conclude that the district court did not abuse its discretion in concluding that Show Canada was entitled to prejudgment interest.

---

[1]Section 3.8 states: "Final payment shall be made to Subcontractor after (1) Subcontractor has completed the Subcontract Work and such Subcontract Work is accepted by Contractor and Owner . . . and (11) Contractor has received payment from Owner."

*Offer of judgment*

Second, Tutor Perini argues that the district court erred in awarding attorney fees and costs to Show Canada pursuant to NRCP 68[2] because the court erroneously preempted the provision in the parties' Subcontract that defined "prevailing party."[3] Because Tutor Perini and Show Canada negotiated and agreed to the Subcontract, Tutor Perini

---

[2]As an initial matter, Show Canada argues that even though the district court explicitly awarded attorney fees to Show Canada pursuant to NRCP 68, this court is not precluded from affirming those attorney fees pursuant to some other statutory or contractual provision. Because we affirm the district court's award of attorney fees and costs pursuant to NRCP 68, we need not reach the issue.

[3]Section 10.3 states:

> Any Claim between Subcontractor and Contractor that is not a Pass Through Claim ("Non-Pass Through Claim") shall be decided by any state court of competent jurisdiction in Clark County, Nevada or any federal district court of competent jurisdiction in Clark County, Nevada, even in the event Subcontractor is the initiating Party. In the event of any such Claim the prevailing Party shall be entitled to recover its reasonable attorneys' fees and other costs from the non-prevailing Party. In any such Claim for monetary damages, the Party seeking monetary damages shall be deemed the non-prevailing Party unless it is awarded seventy-five percent (75%) or more of the original amount sought. The Party seeking monetary damages shall, upon receiving a written request from the other Party pursuant to this Section, provide the other Party, within 21 calendar days from receipt thereof, a written statement of the amount sought from which the aforementioned seventy-five percent (75%) factor shall be calculated.

maintains that the contract terms control and are the sole means of recovery for any claim for attorney fees and costs between the parties. We disagree.

Section 10.3 as written contemplates the possibility of two non-prevailing parties under the agreement. Here, Show Canada was a non-prevailing party under the Subcontract because it received less than 75% of the original amount sought. But, Tutor Perini was also a non-prevailing party because it lost on all of its counterclaims and defenses, and judgment was entered in favor of Show Canada. Therefore, we conclude that neither party triggered the application of Section 10.3 of the Subcontract.

We further conclude that because the Subcontract did not elucidate a clear prevailing party, the district court did not abuse its discretion when it determined that the Subcontract did not preclude a separate award of attorney fees and costs pursuant to NRCP 68. *See Rowland v. Lepire*, 99 Nev. 308, 315, 662 P.2d 1332, 1336 (1983) (generally "attorney's fees are not recoverable absent a statute, rule or contractual provision to the contrary"); *cf., MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev., Adv. Op. 31, 416 P.3d 249, 258 (2018) (holding that statute governing the award of attorney fees in trade secrets actions did not preclude a rival casino owner from seeking attorney fees under NRCP 68); *Albios v. Horizon Cmtys.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006) (holding that plaintiff in a constructional defect case was not entitled to attorney fees, despite statute authorizing fees awards in such cases, if he or she rejected an offer of judgment more favorable than the verdict obtained); *McCrary*, 122 Nev. at 110, 131 P.3d at 578 (stating that if attorney fees and costs were awarded to Bianco pursuant to NRCP 68, it could not award attorney fees to the McCrarys as the prevailing party under NRS 18.010). Further still, our jurisprudence makes clear that the Legislature codified

our offer of judgment rule "to save time and money for the court system, the parties, and the taxpayer by rewarding the party who makes a reasonable offer and punishing the party who refuses to accept such an offer," and these policy goals must not be "thwarted." *Id.* at 419, 132 P.3d at 1029. We conclude that under the unique facts and circumstances of this particular case, the policy goals of NRCP 68 would be frustrated by a failure to award attorney fees and costs pursuant to the offer of judgment rule. Accordingly, the district court did not err in concluding that the Subcontract "[did] not preclude a separate award of attorneys' fees and costs under Nevada Rules of Civil Procedure Rule 68."

*Attorney fees and costs*

Third, Tutor Perini argues that the district court abused its discretion in awarding attorney fees and costs pursuant to NRCP 68(f) because the district court did not properly examine the factors articulated in *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983), and *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969). Where the district court considers these factors and finds that the fees are "reasonable and justified," the district court acts within its discretion in awarding the full amount of fees and costs requested. *Beattie*, 99 Nev. at 588-89, 668 P.2d at 274.

More concretely, Tutor Perini argues that while the district court cited to the *Beattie* factors, it did not make specific findings based on the evidence. Moreover, because Show Canada and not Tutor Perini made the offer of judgment, Tutor Perini argues the district court erred in failing to consider whether Tutor Perini brought and maintained its defenses or claims in good faith. *See Yamaha Motor Co., USA v. Arnoult*, 114 Nev. 233,

251-252, 955 P.2d 661, 673 (1998).[4] We agree with Tutor Perini that the district court failed to explicitly consider the first *Beattie* factor in light of *Yamaha* in its order; the accurate consideration is whether Tutor Perini, rather than Show Canada, litigated its claims and defenses in good faith. 114 Nev. at 251-252, 955 P.2d at 673. Despite this error, we note that the district court stated on the record that it considered all of the briefing on attorney fees and costs, wherein Show Canada and Tutor Perini litigated the *Yamaha* factor, in addition to the remaining *Beattie* factors. Further, the district court concluded in its findings of facts and conclusions of law that Tutor Perini fraudulently induced Show Canada to consent to a change order in the Subcontract and breached the covenant of good faith and fair dealing, both of which support the district court's award of attorney fees and costs to Show Canada pursuant to *Beattie*. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1049, 881 P.2d 638, 642 (1994) ("The district court need not, however, make explicit findings as to all of the factors where support for an implicit ruling regarding one or more of the factors is clear on the record.").

Additionally, Tutor Perini argues that Show Canada failed to meet two of the *Brunzell* factors: the work actually performed by the lawyer and the result (*i.e.*, whether counsel was successful and created a benefit for his or her client). Tutor Perini maintains that Show Canada impermissibly

---

[4]Tutor Perini additionally argues that Show Canada's offer of judgment was not reasonable in time, noting that while the offer of judgment was served almost two years after Show Canada filed its complaint, the proceeding had been stayed by this court for almost a year of that time and the parties had not engaged in any substantive motions practice or discovery. We reject this contention. Based upon our review of the record the offer of judgment was reasonable both in its good faith, timing and amount.

charged for attorney fees and costs unrelated to its claims here but related to the greater CityCenter consolidated litigation. Finally, Tutor Perini avers that Show Canada sought fees that were disproportionate to the result because Show Canada was only awarded a fraction of what it sought at trial—$908,891.64 compared to the mechanics lien it sought, which was over $2,000,000—and received over $2,000,000 in attorney fees and costs.

We conclude the district court adequately considered the *Brunzell* factors and the record demonstrates substantial evidence supports the district court's findings. First, the district court did not abuse its discretion in awarding attorney fees incurred during jury selection in a separate proceeding that settled because Show Canada could not have anticipated that all other subcontractors would settle with CityCenter on the eve of trial, removing the strategic advantage of participating in a jury trial with the other subcontractors. Further, the district court did not abuse its discretion in awarding Show Canada attorney fees based on the benefit obtained by the lawyers. While the jury awarded Show Canada significantly less than it requested in its complaint, Show Canada prevailed on its claims and defeated Tutor Perini's counterclaims. Accordingly, we conclude the district court did not abuse its discretion by finding that an award of attorney fees and costs was reasonable and justified under *Beattie* and *Brunzell*.

Finally, Tutor Perini argues that the district court abused its discretion when it awarded costs to Show Canada because Show Canada did not produce evidence to support the attorney fees and costs incurred. *See Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120-21, 345 P.3d 1049, 1054 (2015). Based on our review of the documentation that Tutor Perini claims are lacking, we conclude that the district court did not abuse its

discretion. For each cost Show Canada requested, it provided spreadsheets prepared by each law firm involved. These spreadsheets included the category of cost; the date Show Canada incurred the cost; the source, note, and invoice number of the cost; and the amount, as well as attorney invoices from each law firm. Further, the district court noted in its order granting attorney fees that the "length and complexity of the case" justified the amount of costs. Accordingly, the district court did not abuse its discretion when it awarded $411,718.25 in costs. We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Kristine M. Kuzemka, Settlement Judge
        McDonald Carano LLP/Las Vegas
        Nida & Romyn, P.C.
        Greene Infuso, LLP
        Eighth District Court Clerk